UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,

    Plaintiff-Respondent,                Case No. 1:07cr07

    v.                                                             Judge Michael R. Barrett

Omar Manjang,

    Defendant-Petitioner.

## ORDER

This matter is before the Court upon the Magistrate Judge's Report and Recommendation ("R&R") recommending that Petitioner's Motion for Writ of *Coram Nobis* (Doc. 23) be denied. (Doc. 26). Notice was given to the parties under 28 U.S.C. §636(b)(1)(C). Petitioner filed objections to the R&R. (Doc. 27). In addition, the Court received a number of letters from family and co-workers in support of Petitioner's Motion.

Petitioner entered the United States from Gambia on a student visa in December of 2001. (Doc. 23, at 1). In January of 2007, Petitioner, still in the United States, was indicted on the charge of False Personation of U.S. Citizenship in violation of 18 U.S.C. § 911. (Doc. 23, at 2).

Petitioner was presented with a written plea agreement in an attempt to resolve the case, but declined to sign because the agreement contained a "Stipulation for Judicial Removal." Petitioner hoped to obtain permanent residence in the United States. (Doc. 23, at 2). Petitioner's attorney advised Defendant that he could refer him to an immigration attorney for assistance with his immigration status after resolving the

case. (Doc. 23, at 2). Petitioner entered an oral plea of guilty before this Court on March 19, 2007. (Doc. 23, at 2). Petitioner was then sentenced to one year of supervised release and time served; the supervised release came to an end on September 21, 2008, (Doc. 23, at 2).

After sentencing, Petitioner consulted with an immigration attorney who informed him that, as a result of his criminal conviction, he was subject to deportation and permanently barred from re-entering the United States or obtaining permanent residence. (Doc. 23, at 2-3).

Petitioner has not been removed to Gambia because Gambia does not recognize him as a citizen. (Doc. 23, at 3). As a result, Petitioner remains in the United States and has been placed on supervised release indefinitely by immigration authorities. (Doc. 23, at 3). Additionally, Petitioner has been married to a U.S. citizen since July, 2012. (Doc. 23-1, at 3).

Petitioner now asks the court to grant his Motion for Writ of *Coram Nobis* and vacate his plea and conviction so that he might pursue permanent residence in the United States.

"[T]he writ of coram nobis is available only 'when a § 2255 motion is unavailable- generally, when the petitioner has served his sentence completely and thus is no longer 'in custody' as required for § 2255 relief.'" *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001) (quoting *Blanton v. United States*, 94 F.3d 227, 230 (6th Cir. 1996)). To be granted this form of relief, the movant must demonstrate: (1) an error of fact; (2) unknown at the time of the proceeding or trial; (3) of a fundamentally unjust character

which probably would have altered the outcome of the challenged proceeding if it had been known. *Id.*

Petitioner argues there were at least two errors of fact unknown to him at the time he entered his guilty plea: (1) he was not fully aware of the potential immigration ramifications he would suffer by pleading guilty; and (2) he was not aware that, as a result of his guilty plea, he would be subjected to an indefinite period of supervised release because of Gambia's refusal to recognize him as a citizen. Petitioner admits that he was advised by the court that a guilty plea could be grounds for deportation.[1] However, Petitioner asserts that, because his counsel stated he would refer Petitioner to an immigration attorney who could assist him with his immigration status, Petitioner believed there was a way to avoid deportation. Petitioner also claims to have been unaware that, as a result of his conviction, he would be denied permanent residency in

---

[1] During the sentencing hearing, the following exchange took place:

THE COURT: . . . Mr. Omar Manjang will be committed to the custody of the United States Bureau of Prisons for a term of time served.

That he become immediately the subject of deportation proceedings by Immigration and Customs Enforcement after completion of the sentence of imprisonment imposed as a result of the instant offense; in other words, immediately.

Also, following the sentence of imprisonment, the defendant is ordered to be placed on supervised release for a period of one year.

Mr. Manjang, that means you're going to be under supervised release for a period of one year in which you cannot own a firearm, you can't violate any federal, state or local crimes, and you are subject to further punishment if that happens. If you're not deported, you have to report to the Probation Office in this district within 72 hours after being released from incarceration. All right?

I think you understand you're going to be deported, though, correct?

THE DEFENDANT: They told me I have to see an immigration lawyer, Judge, so I don't know about that stuff.

(Doc. 22, PAGEID # 70-71).

3

the United States. Petitioner maintains that had he been aware of these consequences, he would never have plead guilty.

Petitioner relies on *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473 (2010), which held that defense counsel has a duty inform his or her client whether pleading guilty carries a risk of deportation. Petitioner does not dispute the Magistrate Judge's conclusion that *Padilla* does not apply retroactively. Instead, Petitioner argues that the Court's warning to him was insufficient because he did not have a full understanding of the potential consequences of his plea. Petitioner argues that as a result, his plea of guilty was not voluntarily, knowingly, and intelligently entered. However, even after *Padilla*, the Sixth Circuit has held that a "district court need not inform the defendant of the potential deportation consequences of his plea." *United States v. Rodriguez-Gonzales*, 543 F. App'x 532, 533 (6th Cir. 2013) (citing *El–Nobani v. United States*, 287 F.3d 417 (6th Cir. 2002)). Therefore, a petitioner's ignorance of immigration law at the time he entered his criminal plea of guilty is not a basis for granting a petition for a writ of *coram nobis*. *Sanusi v. Gonzales*, 474 F.3d 341, 347 (6th Cir. 2007).

Based on the foregoing, Petitioner's Objections are **OVERRULED**. The Court hereby **ADOPTS** the Magistrate Judge's R&R recommending that Petitioner's Motion for Writ of *Coram Nobis* be denied. (Doc. 26).

**IT IS SO ORDERED.**

                                             */s/ Michael R. Barrett*
                                            JUDGE MICHAEL R. BARRETT